IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MAX C. FELDMAN, INDIVIDUALLY
and AS TRUSTEE ON BEHALF OF THE
MAX C. FELDMAN DEFINED BENEFIT
PENSION PLAN,

        Plaintiff,

    v.

NATIONAL BENEFITS NETWORK, INC.,
*et al.*

        Defendants.

2:21-CV-00419-CCW

## MEMORANDUM OPINION

Before the Court is Plaintiff Max C. Feldman's ("Mr. Feldman") Motion to Remand Case to State Court ("Motion to Remand"), ECF No. 17. For the reasons that follow, Mr. Feldman's motion will be **DENIED**.

**I.     Background**

On February 22, 2021, Mr. Feldman, individually and as trustee on behalf of the Max C. Feldman Defined Pension Plan ("the Plan"), filed a Complaint in the Court of Common Pleas of Allegheny County, Pennsylvania, against Defendants[1] National Benefits Network, Inc., Scott Ivol Financial Group, LLC, Scott C. Ivol, Massachusetts Mutual Life Insurance Company, Talcott Resolution Life and Annuity Insurance Company, Allianz Life Insurance Company of North America, Jackson National Life Insurance Company, Brighthouse Life Insurance Company, and Mony Life Insurance Company.

---

[1] Mr. Feldman's Complaint includes allegations against "Defendant" Bruce Ivol, whom Defendants identify as being deceased.  ECF No. 1 at 2 n.1.

Mr. Feldman alleges that Defendants intentionally failed to disclose and misrepresented certain material facts relating to the creation of and continued contributions to the Plan, which was established under Section 412(i) of the Internal Revenue Code.  *See, e.g.*, ECF No. 1-2.  The Complaint alleges seven state law counts:  Count I – Fraud and/or Constructive Fraud;  Count II – Negligent Misrepresentation;  Count III  – Breach of Fiduciary Duty;  Count IV – Negligence;  Count V – Unjust Enrichment;  Count VI – Money Had and Received;  Count VII – Violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

Specifically, Mr. Feldman alleges that he sought the financial expertise of Bruce Ivol and Scott Ivol regarding his financial situation, investments, and retirement goals.  ECF No. 1-2 ¶ 39.  Mr. Feldman asserts that the Ivols, individually and on behalf of National Benefits Network, Inc. (and from 2016 on, Scott Ivol Financial Group, LLC) acted in a fiduciary role as his financial advisors and were trusted "not only with his money, but with his family's financial well-being." ECF No. 1-2.  Mr. Feldman contends that the Ivols represented certain benefits and features of the Plan, which ultimately led him to create the Plan.  The Plan was funded through various annuities and life insurance during its existence from 2005 to 2018.  *Id.* ¶¶ 42−48.  Mr. Feldman further alleges that the Ivols knew of, but intentionally failed to disclose, numerous material facts with respect to the Plan, including exorbitant commissions and enhanced scrutiny from the IRS due to 412(i) plans being listed transactions and perceived as abusive tax shelters.  *Id.* ¶ 49 (listing material facts).  Mr. Feldman further asserts that Defendants Massachusetts Mutual Life Insurance Company, Talcott Resolution Life and Annuity Insurance Company, Allianz Life Insurance Company of North America, Jackson National Life Insurance Company, Brighthouse Life Insurance Company, and MONY Life Insurance Company (the "Insurer Defendants"), among other actions, knew of the Plan's features, facilitated the sale of insurance products to the Plan,

had Bruce Ivol and Scott Ivol acting as agents in the sale of their life insurance products, and knew of and intentionally failed to disclose to certain material facts. *Id.* ¶¶ 51−73. Ultimately, Mr. Feldman was audited by the IRS and subject to penalties. *Id.* ¶¶ 74−77. Mr. Feldman alleges losses due to professional fees stemming from the IRS audit and termination of his Plan, adverse tax consequences, lost investment opportunities, administration costs associated with adoption and operation of the Plan, the cost of life insurance that he would not have purchased but for Defendants' misrepresentations and omissions as well as mental anguish from the failure of his investment, the tax consequences, and IRS audit. *Id.*

Defendants removed the action to federal court pursuant to 28 U.S.C. § 1441(a) on March 30, 2021. ECF No. 1 ¶¶ 7–8. Defendants assert federal question jurisdiction, *see* 28 U.S.C. § 1331, based on complete preemption by the Employee Retirement Income Security Act of 1974 ("ERISA"). *Id.*

Mr. Feldman timely moved to remand on the ground that Defendants have not satisfied their burden to establish that the claims in the Complaint are completely preempted by ERISA. *See e.g.*, ECF Nos. 17 & 18.

## II. Legal Standard

A district court has original jurisdiction over claims "arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1331. The federal statute at issue in this action is ERISA, which was enacted "to ensure the proper administration of pension and welfare plans, both during the years of the employee's active service and in his or her retirement years" by "protecting the financial security of plan participants and beneficiaries." *Nat'l Sec. Sys. v. Iola*, 700 F.3d 65, 81 (3d Cir. 2012). Through ERISA, Congress established "detailed disclosure and reporting obligations for plans and imposes various participation, vesting, and funding requirements" as well standards of conduct for plan fiduciaries. *Id.* (citing 29 U.S.C. §§ 1021–86, 1101–14).

3

To determine whether a claim "arises under" federal law and is therefore removable from state court by a defendant, the Court applies the "well-pleaded complaint rule." *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987); *see also Allstate Ins. Co. v. 65 Security Plan*, 879 F.2d 90, 92–93 (3d Cir. 1989). Under the well-pleaded complaint rule, removal is proper only if a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9–12 (1983). Thus, a federal defense to a plaintiff's state law cause of action, *including* a defense based on preemption, is typically insufficient to warrant removal to federal court by defendant. *Dukes v. U.S. Healthcare*, 57 F.3d 350, 353–54 (3d Cir. 1995).

However, the Supreme Court has recognized an exception to the well-pleaded complaint rule known as "complete preemption," which applies when Congress has "so completely pre-empt[ed] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Dukes*, 57 F.32 at 354 (citing *Metropolitan Life Ins. Co.*, 481 U.S. at 63). Relevant in this case is the Supreme Court's determination that Congress intended complete preemption for state law causes of action that fit within the scope of ERISA's civil-enforcement provisions. *Id.*

As a result, state law causes of action in a complaint are completely preempted by ERISA and therefore removable to federal court only when (1) plaintiff could have brought his claim under ERISA § 502(a) (29 U.S.C. § 1132(a)), and (2) no other independent legal duty is implicated by a defendant's actions. *Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir. 2004) (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004)). "Because [the] test is conjunctive, a state-law cause of action is completely preempted

only if both of its prongs are satisfied." *N.J. Carpenters & Tr. Thereof v. Tishman Const. Corp. of N.J.*, 760 F.3d 297, 303 (3d Cir. 2014).

Here, the narrow issue before the Court is whether the doctrine of complete preemption applies under ERISA § 502(a).[2] *See Estate of Maglioli v. All. HC Holdings LLC*, Nos. 20-2833, 20-2834, 2021 U.S. App. LEXIS 31526, at *17 n.8 (3d Cir. Oct. 20, 2021). Although "a federal court may look beyond the face of the complaint to determine whether a plaintiff has artfully pleaded his suit so as to couch a federal claim in terms of state law," *Pascack Valley Hosp.*, 388 F. 3d at 400 (quoting *Pryzbowski*, 245 F.3d at 274), the burden of establishing removal jurisdiction rests with defendants. *Dukes*, 57 F.32 at 359. Any doubts as to jurisdiction upon removal "should be resolved in favor of remand." *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)).

## III.    Analysis

Section 502(a) of ERISA (29 U.S.C. § 1132(a)) sets forth "a comprehensive civil enforcement scheme that represents a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit

---

[2] ERISA also provides for other types of preemption—express preemption and conflict preemption, which do not provide jurisdictional authority for removal in the way that complete preemption does. *Dukes*, 57 F.32 at 355 ("removal and preemption are two distinct concepts"). Both parties cite *Nat'l Sec. Sys. v. Iola*, 700 F.3d 65 (3d Cir. 2012) which focused on "express preemption" under ERISA § 514 (29 U.S.C. § 1144), not the narrower jurisdictional question of "complete preemption" under ERISA § 502 (29 U.S.C. § 1132(a)), which is at issue here. In *Iola*, the Third Circuit affirmed a district court decision finding that plaintiffs' state common law claims related to the defendant financial advisor's alleged misrepresentations about commissions and the accessibility of conversion credits made *after* the plan's adoption were preempted under ERISA § 514 (29 U.S.C. § 1144). 700 F.3d 65, 85 (3d Cir. 2012). However, the Third Circuit noted that statements made prior to the plan's existence were not preempted, because such claims involved legal duties outside of ERISA and did not strike at the "area of core ERISA concern — 'funding, benefits, reporting, and administration.'" *Id.*

plans" and includes "six carefully integrated civil enforcement provisions." *Davila*, 542 U.S. at 208–09.

Defendants contend that the Plan is subject to ERISA. ECF No. 32 at 3; ECF No. 42 at 3 n.1. Mr. Feldman contests that the Plan is subject to ERISA without providing any substantive analysis. *See* ECF No. 18 at 7. An ERISA plan "is established if from the surrounding circumstances a reasonable person can ascertain [1] the intended benefits, [2] a class of beneficiaries, [3] the source of financing, and [4] procedures for receiving benefits." *Menkes v. Prudential Ins. Co. of Am.*, 762 F.3d 285, 290 (3d Cir. 2014) (listing requirements). For the purposes of this Motion, Defendants have met their burden to show that the Plan is an ERISA plan. *See* ECF No. 32 at 3 (noting that the summary plan description, ECF No. 32-2, "outlines the Plan's intended benefits, the eligible participants and beneficiaries, the source of financing, and procedures for receiving benefits."); *see* ECF No. 32-2 at 8 ( "Statement of ERISA Rights").

### A. Whether Plaintiff Could Have Brought Any of His Claims Under ERISA § 502(a)

The parties' briefing discusses three of ERISA's civil enforcement provisions— §§ 502(a)(1)(B), (2), and (3) (29 U.S.C. §§ 1132(a)(1)(B), (2), and (3)). ECF No. 18 at 7; ECF No. 32 at 14–15; ECF No. 36 at 7; ECF No. 42 at 1–3. However, the Court need only find that one claim is completely preempted under ERISA's § 502(a) to exercise supplemental jurisdiction over the others. *See* 28 U.S.C. § 1367(a) (supplemental jurisdiction over claims that "form part of the same case or controversy" including "claims that involve the joinder or intervention of

additional parties.");  *Butt v. United Bhd. of Carpenters*, 999 F.3d 882, 886 n.3 (3d Cir. 2021) (describing supplemental jurisdiction authorized under 28 U.S.C. § 1367).

### i.   Claims Under ERISA § 502(a)(2) for Breach of Fiduciary Duty

Section 502(a)(2) of ERISA (29 U.S.C. § 1132(2)) provides that a participant, beneficiary, or fiduciary may bring an action for appropriate relief under ERISA's breach of fiduciary duty provision.  *See* § 409 (29 U.S.C. § 1109)).

The Complaint facially alleges a breach of common law and statutory fiduciary duty, against all Defendants,[3] and a further breach by the Ivols of fiduciary duties due to their status as Mr. Feldman's financial advisors.  ECF No. 1-2 ¶¶ 99–102.  Defendants contend that Mr. Feldman's allegations that the Ivols were acting as "fiduciaries," were delegated investment decisions, and breached their fiduciary duties after the formation of the plan, "would arguably establish fiduciary status under ERISA."  ECF No. 32 at 13–14.[4]  The parties dispute whether the fiduciary duties alleged in Mr. Feldman's Complaint arise under state law or under ERISA.

The ERISA test for whether an individual is a fiduciary is a "functional" test and is limited to the extent that a party performs a fiduciary function.  29 U.S.C. § 1002(21)(A);  *Boyles v. Am. Heritage Life Ins. Co.*, 383 F. Supp. 3d 470, 484 (W.D. Pa. 2019).  An individual is a fiduciary of an ERISA plan:

> to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or

---

[3] Specifically, Plaintiff alleges that the Defendants breached their duty in "a) recommending that Plaintiff participate in the 412(i) plan, even though it was not suitable for his investment objectives and involved an excessive  amount of insurance;  b) making the above-described misrepresentations and omissions;  c) misrepresenting the tax consequences of the 412(i) plan;  d) failing to disclose the tax risks associated with the 412(i) plan;  and e) failing to disclose Bruce Ivol and Scott Ivol's inherent conflict in recommending that Plaintiff's invest in a plan that will pay [the Ivols] a sizeable commission for Plaintiff's participation."  ECF No. 1-2 ¶ 100.

[4] The Court requested supplemental briefing from the parties to clarify the status of Defendant National Benefits Network Inc. as third party administrator and how it would affect this Court's analysis under *Davila*, including under ERISA § 502(a)(2)'s breach of fiduciary action.  *See* ECF Nos. 55, 57, 58, & 59.  The Defendants do not address how the Insurer Defendants could be construed as fiduciaries under ERISA and thus allow Mr. Feldman to bring a claim under ERISA § 502(a)(2) (29 U.S.C. § 1132(2)) or any other provision of ERISA.

> exercises any authority or control respecting management or
> disposition of its assets, (ii) he renders investment advice for a fee
> or other compensation, direct or indirect, with respect to any moneys
> or other property of such plan, or has any authority or responsibility
> to do so, or (iii) he has any discretionary authority or discretionary
> responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A).

Mr. Feldman alleges that his Complaint focuses on *pre*-Plan actions, and because the Third

Circuit has found that claims of misrepresentations *prior* to a plan's existence are not *expressly*

preempted in *Nat'l Sec. Sys. v. Iola*, 700 F.3d 65 (3d Cir. 2012), he could not bring any claim under

ERISA Section 502(a) and his claims are not subject to *complete* preemption.  *See* ECF No. 18 at

6-11;  ECF No. 36 5-10.  In support, he cites *Bar-David v. Opinion Economic Concepts, Inc.* where

the United States District Court for the District of New Jersey remanded a case with state law

claims similar to those at issue here and found such claims "relate[d] to pre-investment fraud of

the type the Third Circuit explicitly stated did not concern ERISA", even though some of the

"misrepresentations continued after the Plan was in place."  *Bar-David v. Op. Econ. Concepts,*

*Inc.*, 48 F. Supp. 3d 759 (D.N.J. 2014) 48 F. Supp. 3d. 759, 761, 765-66 (D.N.J. 2014).

Defendants respond that because Mr. Feldman's Complaint contains allegations of *post*-

Plan formation misconduct involving the Plan's assets, his claims are removable.  ECF No. 32 at

15-16.  In support, Defendants cite *Ehlen Floor Covering, Inc. v. Lamb* where the Eleventh Circuit

found that allegations against the defendant administrator of breach of fiduciary duties and failure

to make required disclosures with respect to the design and repair of the 412(i) plan were potential

claims under 29 U.S.C. § 1109(a) and thus fell within ERISA § 502(a)'s (29 U.S.C. § 1132(a))

civil enforcement provisions.  660 F.3d 1283, 1286−88 (11th Cir. 2011).

Looking "beyond the face of the complaint," *Pascack Valley Hosp., Inc. v. Local 464A*

*UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir. 2004), Mr. Feldman's complaint

involves both *pre*-Plan and *post*-Plan formation investment advice by the Ivols[5].  Although the Complaint details certain misrepresentations by the Ivols that induced Mr. Feldman to *enter* into the Plan, ECF No. 1-2 ¶ 42-44, such that those claims would not be expressly preempt, *see Nat'l Sec. Sys. v. Iola*, 700 F.3d 65 (3d Cir. 2012) (and by logical extension could not be completely preempt), Mr. Feldman's contention that the Complaint relates *only* to pre-plan misrepresentations, and are therefore the claims are not removable, is not supported by the allegations contained therein.   *See* ECF No. 59 ("very importantly, Plaintiff's claims relate to pre-plan misrepresentations").

Specifically, Mr. Feldman alleges that, from 2008 through 2018, the Ivols convinced him to surrender and purchase policies that were held by the Plan, for the sole purpose of generating commissions and fees for themselves.  ECF No. 1-2 ¶¶ 45–47 (listing policies).  In doing so, Mr. Feldman alleges a breach of the Ivols' fiduciary duty to recommend a "suitable investment that met [his] investment objectives and to keep [him] apprised of all relevant facts relating to his investment in the Plan."  ECF No. 1-2 ¶ 101.[6]  Such advice could satisfy the five-factor test for determining whether a person has rendered "investment advice" for purposes of ERISA fiduciary status.  *See* 29 C.F.R. § 2510.3-21(c)(1).

Thus, based on the face of the Complaint, which characterizes the Ivols as fiduciaries, at least some of the breach of the fiduciary claims against the Ivols could have been brought under ERISA § 502(a)(2), and the first prong of the complete preemption test is satisfied.

---

[5] The Court notes a discrepancy in the Complaint, which alleges that Mr. Feldman met with the Ivols around December 2005, but continues to allege that "as a result of Bruce Ivol and Scott Ivol's representations and omissions … Plaintiff entered into the Plan, with an effective date of January 1, 2005."  ECF No. 1-2 ¶¶ 44, 49.
[6] Looking "beyond the face of the complaint," *Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir. 2004), though the plain language of Mr. Feldman's Complaint focuses on *his* investments, the investments were in fact owned by the Plan.  ECF No. 1-2 ¶ 49.

**B.  No Other Independent Legal Duty is Implicated by Defendants' Actions**

Under the second prong of *Davila*, a legal duty is considered "independent" if the duty is not based on an obligation under an ERISA plan or would exist regardless of the ERISA plan's existence.  *N.J. Carpenters v. Tishman Constr. Corp.*, 760 F.3d 297, 303 (3d Cir. 2014).  "In other words, if the state law claim is not 'derived from, or conditioned upon' the terms of an ERISA plan, and '[n]obody needs to interpret the plan to determine whether that duty exists,' then the duty is independent."  *Id.* (internal citations omitted).

Here, Mr. Feldman alleges that there are separate statutory and common law causes of action for his claims.  ECF No. 59 at 3.  With respect to Mr. Feldman's breach of fiduciary action against the Ivols as discussed above, such action arises due to advice regarding the Plan assets during the existence of the Plan.  Thus, the fiduciary obligation "is dependent upon an ERISA plan."  *Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1288 (11th Cir. 2011).  Therefore, the second prong of the complete preemption test is satisfied.

**IV.  Conclusion**

Because the Court finds that Defendants have met their burden of establishing removal jurisdiction under both *Davila* prongs, Mr. Feldman's Motion to Remand will be **DENIED**.


DATED this 13th day of January, 2022.


BY THE COURT:


/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record